# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANTHONY J. MOTTAS,
          Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,
          Agency.

DOCKET NUMBERS
DE-1221-18-0118-W-1
DE-1221-18-0195-W-1

DATE: March 28, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Anthony Joseph Mottas</u>, Crestview, Florida, pro se.

<u>Zane Perry Schmeeckle</u>, Kansas City, Missouri, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in his joined individual right of action (IRA) appeals. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in these appeals, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We AFFIRM the initial decision denying the appellant's request for corrective action, as MODIFIED, by finding that the appellant's performance appraisal was a cognizable personnel action and VACATING the administrative judge's conclusion to the contrary.

## BACKGROUND

¶2 The following facts, as further detailed in the record below, are undisputed. The agency appointed the appellant to the position of Advanced Medical Support Assistant for the Eastern Kansas Health Care System in Junction City, Kansas, in February 2017. *Mottas v. Department of Veterans Affairs*, MSPB Docket No. DE-1221-18-0118-W-1, Initial Appeal File (0118 IAF), Tab 17 at 43. Later that same year, in August 2017, the agency temporarily detailed the appellant to the same position at a facility in Topeka, Kansas, while it convened an Administrative Investigation Board (AIB) to consider allegations that he had engaged in misconduct. *Id.* at 30-32. Among other things, the agency indicated that the AIB would investigate complaints of the appellant intimidating staff, not following procedures, and acting outside his scope of duties by trying to supervise others. *Id.* at 31.

¶3 Over the following months, the appellant filed two IRA appeals. 0118 IAF, Tab 1; *Mottas v. Department of Veterans Affairs*, MSPB Docket No. DE-1221-18-

0195-W-1, Initial Appeal File (0195 IAF), Tab 1. In pertinent part, the first alleged that the AIB and detail assignment were the products of whistleblower retaliation, while the second alleged that his subsequent performance appraisal was also retaliatory. 0118 IAF, Tab 1 at 5; 0195 IAF, Tab 1 at 5, 11-12. The administrative judge joined these appeals for adjudication. 0118 IAF, Tab 21; 0195 IAF, Tab 18.[2]

¶4		After providing the appellant with an opportunity to do so, the administrative judge found that the appellant met his jurisdictional burden for some of the alleged disclosures, activities, and personnel actions he had raised. 0118 IAF, Tab 22 at 3-6, 8, 10-11; 0195 IAF, Tab 20 at 3-6, 8-10. Consequently, he developed the record and held a 4-day hearing before issuing a decision that denied the appellant's request for corrective action. 0118 IAF, Tab 43, Initial Decision (ID); *accord* 0195 IAF, Tab 39.

¶5		Of the disclosures and activities that were within the Board's jurisdiction, the administrative judge found three protected. ID at 5-17. As described by the appellant, they were as follows:

> June 2, 2017 – Phone call to the Office of Compliance and Business Integrity for an issue of untimely access to care standards at the Junction City Community Based Outpatient Clinic by leadership procedures.
>
> June 6, 2017 – Sent email to [the] Compliance Officer asking about block scheduling and cancellation of Veteran appointments within the 45 day approval time standard.
>
> July 26, 2017 – Email sent by me to . . . my Supervisor stating that Physicians return to clinic orders were not being entered into the computer system allowing medical support assistants to make follow up appointments for Veterans after seeing their Physician prior to leaving the clinic.

0118 IAF, Tab 5 at 5-6; ID at 7-9, 17. The administrative judge determined that the first two constituted protected activity under section 2302(b)(9)(C), while the

---

[2] For the most part, the records for the two separate IRA appeals mirror each other after the date on which the administrative judge issued the joinder order. Accordingly, for the sake of simplicity, this decision will oftentimes cite to just one of the records.

third constituted a protected disclosure under section 2302(b)(8). ID at 11-15. He further found that the appellant proved that his protected activities were a contributing factor to a single cognizable personnel action—the appellant's detail assignment. ID at 17-21. For the only other alleged personnel action over which the appellant established jurisdiction—his performance appraisal—the administrative judge found that, although the appellant proved that his protected disclosure was a contributing factor, he did not prove that the performance appraisal was a cognizable personnel action because it was not punitively low. ID at 21-24.

¶6     Because the appellant met his burden concerning his protected activity and his detail assignment, the administrative judge shifted the burden to the agency. Upon doing so, he found that the agency proved by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected activity. ID at 24-31. He also presented alternative findings concerning the appellant's performance appraisal. Specifically, the administrative judge found that, even if the appellant had proven that his performance appraisal was a cognizable personnel action, the agency proved that it would have also taken that same action in the absence of the appellant's protected disclosure. ID at 31-32.

¶7     The appellant has filed a petition for review for each of his appeals. *Mottas v. Department of Veterans Affairs*, MSPB Docket No. DE-1221-18-0118-W-1, Petition for Review (0118 PFR) File, Tab 1; *Mottas v. Department of Veterans Affairs*, MSPB Docket No. DE-1221-18-0195-W-1, Petition for Review (0195 PFR) File, Tab 1.[3] The agency has filed an untimely response to the appellant's petitions, along with argument and evidence to explain its untimeliness. 0118 PFR File, Tabs 3-4. The appellant filed a motion, arguing that we should reject the agency's response. 0118 PFR File, Tab 5. We find it

_____

[3] The appellant's separate petitions largely mirror one another, but the latter contains a couple of minor points that are not included in the former, so we will exclusively cite to that petition. *Compare* 0118 PFR File, Tab 1 at 4-7, *with* 0195 PFR File, Tab 1 at 4-8.

unnecessary to consider the agency's response or rule on whether the agency presented good cause for its untimeliness.

## ANALYSIS

¶8        The appellant's arguments on review are limited to ones concerning whether the AIB constituted a personnel action, whether the agency proved that it would have taken the same actions in the absence of his protected activity and disclosure, whether the administrative judge timely issued the initial decision, and whether the agency committed harmful error.  0195 PFR File, Tab 1 at 4-8. Therefore, our analysis will be similarly focused.

¶9        Under the Whistleblower Protection Enhancement Act of 2012, the Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before the Office of Special Counsel and makes nonfrivolous allegations that (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).  Once an appellant establishes jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim, which he must prove by preponderant evidence.[4]  *Id.*

¶10       If the appellant proves that his protected disclosure or activity was a contributing factor in a personnel action taken against him, the agency is given an opportunity to prove, by clear and convincing evidence,[5] that it would have taken the same personnel action in the absence of the protected disclosure or activity.

[4] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

[5] Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established; it is a higher standard than preponderant evidence.  5 C.F.R. § 1209.4(e).

*Id.*  In determining whether the agency has met this burden, the Board will consider the following factors:  (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers, but who are otherwise similarly situated.  *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).  The Board does not view these factors as discrete elements, each of which the agency must prove by clear and convincing evidence, but rather, the Board will weigh the factors together to determine whether the evidence is clear and convincing as a whole.  *Phillips v. Department of Transportation*, 113 M.S.P.R. 73, ¶ 11 (2010).  We are also mindful that "[e]vidence only clearly and convincingly supports a conclusion when it does so in the aggregate considering all the pertinent evidence in the record, and despite the evidence that fairly detracts from that conclusion."  *Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012).

The appellant failed to establish jurisdiction over the AIB as an additional personnel action.

¶11      The appellant suggests that the administrative judge erred by finding that he failed to meet his jurisdictional burden concerning the agency's AIB.  0195 PFR File, Tab 1 at 5; 0118 IAF, Tab 22 at 10-11.  We disagree.

¶12      A "personnel action" is defined as follows:  (i) appointments; (ii) promotions; (iii) actions under 5 U.S.C. chapter 75 or other disciplinary or corrective actions; (iv) details, transfers, or reassignments; (v) reinstatements; (vi) restorations; (vii) reemployments; (viii) performance evaluations under 5 U.S.C. chapter 43 or under Title 38; (ix) decisions regarding pay, benefits, or awards, or involving education or training if it reasonably may be expected to lead to an appointment, promotion, performance evaluation, or other action described in 5 U.S.C. § 2302(a)(2)(A); (x) decisions to order psychiatric testing or examination; (xi) implementations or enforcements of any nondisclosure

policy, form, or agreement; and (xii) any other significant changes in duties, responsibilities, or working conditions. 5 U.S.C. § 2302(a)(2)(A); *see Sistek v. Department of Veterans Affairs*, 955 F.3d 948, 954 (Fed. Cir. 2020) (recognizing that "investigation" is "[n]otably absent" from the list of personnel actions).

¶13 An investigation into an allegation of misconduct is not a personnel action per se. *Sistek*, 955 F.3d at 955. Instead, the investigation must otherwise fit within one of the items listed under section 2302(a)(2)(A) to constitute a covered personnel action. *Id.* (noting that "a retaliatory investigation, either on its own or as part of a broader set of circumstances, may qualify as a personnel action if it rises to the level of a 'significant change . . . in working conditions'"). However, even if the investigation does not constitute a significant change in working conditions or other personnel action enumerated in section 2302(a)(2)(A), the Board will consider evidence of the conduct of an agency investigation when it is so closely related to a personnel action that it could have been pretext for gathering evidence to retaliate. *Id.* at 956-57 (discussing *Russell v. Department of Justice*, 76 M.S.P.R. 317, 323-24 (1997)). In considering such evidence, the Board looks at where the investigation had its beginnings. *Russell*, 76 M.S.P.R. at 324.

¶14 The Board's decision in *Mangano v. Department of Veterans Affairs*, 109 M.S.P.R. 658 (2008), is illustrative. The appellant in *Mangano* argued that the administrative judge erred by finding that two investigations were not personnel actions. *Id.*, ¶ 36. The Board did not adopt the appellant's position—the Board did not find that the agency's investigations were covered personnel actions. *Id.*, ¶¶ 36-44. Instead, the Board recognized that the investigations were so closely related to the misconduct charge underlying the appellant's removal that they could have been pretext for gathering evidence to use to retaliate for his whistleblowing. *Id.*, ¶ 44. In doing so, the Board discussed how the one investigation was convened by the subject of the employee's whistleblowing and was conducted in an unusual manner, and the agency included the results from the

other investigation in its misconduct charge against the employee in a way that was inconsistent with the investigatory results. *Id.* Under those circumstances, the Board concluded that the appellant's allegation of retaliation by investigation should be considered in determining the strength of the agency's evidence supporting the appellant's removal. *Id.* In other words, the alleged retaliation by investigation was not a separate personnel action subject to its own burden-shifting analysis. Instead, the Board would consider the alleged retaliation by investigation as part of the burden-shifting analysis of a personnel action that is enumerated in section 2302(a)(2)(A).

¶15 Turning back to the instant appeal, the appellant acknowledged that the agency informed him of the AIB and detail assignment simultaneously, explaining that he would remain in the detail assignment until the AIB was complete. 0118 IAF, Tab 1 at 5, Tab 17 at 30-32. The administrative judge correctly determined that the detail assignment did qualify as a personnel action, as defined in section 2302(a)(2)(A). 0118 IAF, Tab 22 at 10-11. Setting that personnel action aside, the appellant did not present any allegations or evidence concerning any practical or significant effects that the AIB had on the overall nature and quality of his working conditions, duties, or responsibilities. Instead, he simply described the AIB as retaliatory and asserted that the agency failed to comply with associated requirements, including one concerning the speed with which the investigation should be completed. *E.g.*, 0118 IAF, Tab 1 at 5, Tab 5 at 4, 7, Tab 19 at 4-5. Accordingly, we agree with the administrative judge. The appellant failed to nonfrivolously allege that the AIB was a separate personnel action. He therefore failed to establish jurisdiction over that claim.

The appellant is not entitled to corrective action regarding his detail assignment.

¶16 Because the administrative judge found that the appellant met his burden of proving that he engaged in protected activity that was a contributing factor in a personnel action taken against him—the detail assignment—the agency had the burden of proving, by clear and convincing evidence, that it would have taken the

same personnel action in the absence of that protected activity. *See supra* ¶ 10. The administrative judge relied upon the proper legal standard to conduct that analysis. ID at 24-25. Among other things, he noted that evidence only clearly and convincingly supports a conclusion when it does so in the aggregate, considering all the pertinent evidence in the record, and despite the evidence that fairly detracts from that conclusion. ID at 25; *see supra* ¶ 10.

¶17 On review, the appellant argues that the administrative judge repeatedly ignored evidence that detracted from his conclusion regarding each of the *Carr* factors. 0195 PFR File, Tab 1 at 5-8. But the appellant's arguments do not meet the Board's standards because he has not identified any specific and supportive evidence from the record. *See* 5 C.F.R. § 1201.114(b) (providing that a petition for review must state a party's objections to the initial decision and must be supported by references to specific references to the record); *see also Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980) (observing that, before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect, and identify the specific evidence in the record which demonstrates the error). Nevertheless, we will briefly discuss the administrative judge's findings and the appellant's arguments about the same.

¶18 Concerning the first *Carr* factor, the strength of the agency's evidence in support of its action, the administrative judge recognized various documents and testimony that gave credence to the agency's decision to convene the AIB and detail the appellant away from his duty station. ID at 25-29. Generally speaking, that evidence showed that the agency received various complaints regarding the appellant's conduct—complaints that matched the reasons the agency cited when informing the appellant of the AIB and detail assignment—and the agency responded in accordance with its policies. *Id.*; *see, e.g.*, 0118 IAF, Tab 17 at 31, 34-35, Tab 35, Hearing Compact Disc, Day 2 (HCD2) (testimony of the

Nurse Case Manager), Tab 36, Hearing Compact Disc, Day 3 (testimony of the Director) (testimony of the Group Practice Manager).

¶19 The appellant argues that several of the complaints against him were not justified or were eventually dropped, and the final outcome of the agency's investigation could have detracted from the strength of the agency's evidence had the administrative judge not prevented him from eliciting associated testimony. 0195 PFR File, Tab 1 at 5. However, even if the appellant had identified evidence establishing the same, we discern no basis for concluding that the administrative judge's apparent limitation on testimony amounted to an abuse of discretion. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 12 (2013) (explaining that an administrative judge has wide discretion to control the proceedings, including the authority to exclude testimony he believes would be irrelevant, immaterial, or unduly repetitious). The question at hand was not whether the complaints were proven correct or whether they warranted discipline; the question was whether the complaints warranted the agency's decision to place the appellant on a detail assignment as it investigated. To the extent that the appellant presents other arguments about the first *Carr* factor and his detail assignment, they are similarly unsupported by references to the record and address matters that are of no apparent relevance to the legal question at hand. 0195 PFR File, Tab 1 at 5.

¶20 For the second *Carr* factor, the existence and strength of any motive to retaliate, the administrative judge made several findings. ID at 29-31. Most notably, he found that the official responsible for placing the appellant on the detail assignment—the Director—credibly testified that the appellant's protected activity did not upset him or cause him any sort of problem. ID at 29. But he also found that this official had warned the appellant not to raise concerns outside his chain of command, which suggested a slight motive to retaliate. ID at 29-30. The administrative judge further noted that, although one other official—the Chief of Staff—had a significant motive to retaliate, because the appellant's

protected activity implicated her, she had no involvement in the appellant's detail assignment.  ID at 31.

¶21    The appellant argues that the administrative judge failed to mention a July 3, 2017 email from the Director, which asked the Chief of Staff to find evidence of the appellant engaging in wrongdoing.  0195 PFR File, Tab 1 at 6. But again, the appellant has failed to provide a citation or anything else to direct us to this purported email.  *Supra* ¶ 17.  In another argument about the second *Carr* factor, the appellant summarily asserts that the Director violated his privacy. 0195 PFR File, Tab 1 at 6.  He also asserts that his direct supervisor was aware of his disclosures and did nothing about them.  *Id.*  Although we have considered these and each of the appellant's other arguments regarding the second *Carr* factor, none warrant disturbing the administrative judge's conclusion about the strength of officials' motive to retaliate.

¶22    For the third *Carr* factor, any evidence that the agency takes similar actions against employees who are not whistleblowers, but who are otherwise similarly situated, the administrative judge found that the Director testified that he had similarly detailed one or two others who were subject to an AIB.  ID at 31.  The administrative judge found this testimony credible but cursory.  *Id.*  He therefore concluded that the third *Carr* factor weighed only slightly in the agency's favor. *Id.*

¶23    On review, the appellant reiterates that it was the agency's burden, yet the agency provided no specific information about similarly situated individuals. 0195 PFR File, Tab 1 at 7.  However, as we just mentioned, the administrative judge recognized the same.  The appellant also asserts that he did not receive advanced notice of the agency's witnesses, to prepare for and rebut the agency's testimony about the third *Carr* factor.  *Id.*  But the record reflects otherwise.  The agency specifically identified its requested witnesses and their expected testimony in a prehearing submission, after which the administrative judge issued an order

specifically identifying them again, months before the hearing. 0118 IAF, Tab 20 at 21-24, Tab 24 at 9.

¶24    In sum, the appellant has presented a number of cursory arguments regarding the agency's burden of proof and his detail assignment. He has not, however, identified any evidence to support his arguments or otherwise provided any basis for us to disturb the administrative judge's well-reasoned findings of fact.

**The appellant is not entitled to corrective action regarding his performance appraisal.**

¶25    As we previously mentioned, the administrative judge made alternative findings regarding the appellant's performance appraisal. He first found that the rating official had knowledge of the appellant's protected disclosure in the months leading up to the performance appraisal, satisfying the knowledge/timing test for the contributing factor element. ID at 21. However, the administrative judge found that the "fully successful" performance appraisal did not qualify as a personnel action within the meaning of the whistleblower statute because the appellant failed to establish that it was punitive. ID at 21-24. The administrative judge then found that, even if the performance appraisal did constitute a personnel action, the agency proved that it would have also taken that same action in the absence of the appellant's protected disclosure. ID at 31-32.

*The administrative judge erred in finding that the appellant's performance appraisal was not a cognizable personnel action.*

¶26    On review, the appellant does not present any argument about the one matter the administrative judge found lacking from his prima facie case of reprisal, i.e., whether his performance appraisal constituted a cognizable personnel action. Nevertheless, we vacate the administrative judge's findings about the same.

¶27    In *Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 16 (2013), the Board considered whether an employee's performance appraisal was a "personnel

action," within the meaning of the whistleblower statute when that appraisal was similar to ones from the years before. The Board found that section 2302(a)(2)(A)(viii) specifically identifies a performance appraisal as a cognizable personnel action, without any qualifying language that would require the contested performance appraisal to be either less than satisfactory or tangibly lower than a prior appraisal. *Id.* The same rationale can be extended to the circumstances at hand. Although the administrative judge determined that the appellant's performance appraisal was not a personnel action because it was not punitively lowered, the statute contains no such requirement. Therefore, the appellant's performance appraisal is a cognizable personnel action, notwithstanding the fact that the agency rated him as "fully successful."

> *The administrative judge correctly found that the agency met its burden.*

¶28　　Although the administrative judge erred in finding that the appellant's performance appraisal was not a personnel action, the appellant has not presented any basis for us to disturb the administrative judge's alternative findings about the agency meeting its burden, and we found none. The appellant's performance appraisal included rating the appellant as "exceptional" in two critical elements and "fully successful" in the third. 0118 IAF, Tab 17 at 24-28. Consistent with the guidelines delineated in the performance appraisal, those individual ratings resulted in an overall rating of fully successful. *Id.* at 28. Had the appellant received an exceptional rating in the third critical element, customer service, he would have received an overall rating of exceptional. *Id.*

¶29　　The customer service critical element required courteous and cooperative interaction with staff, along with tactful and positive responses to requests, among other things. *Id.* at 25. According to the administrative judge, the Supervisory Medical Support Assistant credibly testified that the appellant did not achieve an exceptional rating in this element because of the way he handled certain interpersonal situations, including some that were both described in detail

and unrebutted. ID at 23-24 (citing HCD2 (testimony of the Supervisory Medical Support Assistant)). This is consistent with testimony from others who described the appellant's conduct, particularly his conduct towards coworkers. *See supra* ¶ 18. Therefore, the agency's evidence in support of the agency rating the appellant as fully successful, rather than exceptional, was quite strong.

¶30 The only thing in the appellant's petition for review that could be construed as an argument to the contrary is an assertion that the agency failed to give the appellant a mid-year review or any "written negative counseling" before the performance appraisal. 0195 PFR File, Tab 1 at 5-6. But neither is consequential. The absence of a mid-year review has no apparent relevance to the veracity of the appellant's end-of-year review, and we would not necessarily expect prior written negative counseling to justify a fully successful, rather than exceptional, performance rating.

¶31 Turning to the second and third *Carr* factors, the administrative judge recognized that the Supervisory Medical Support Assistant was both aware of the appellant's protected disclosure and responsible for rating the appellant's performance just months later. ID at 21. Yet he found that the Supervisory Medical Support Assistant was not personally or professionally implicated in the appellant's disclosure. ID at 32. The administrative judge also noted that the Supervisory Medical Support Assistant—whom he found credible—provided testimony about other individuals in the appellant's position receiving similar ratings. *Id.* Ultimately, he concluded that the agency met its burden of proving, by clear and convincing evidence, that it would have given the appellant the same performance appraisal in the absence of his protected disclosure. *Id.*

¶32 The appellant's petition for review contains no other substantive argument about his claim that the performance appraisal was retaliatory, except to generally and correctly reiterate that it was the agency's burden of proving otherwise. 0195 PFR File, Tab 1 at 6-7. In the absence of more, we find no basis for concluding that the administrative judge erred in determining that the agency met its burden.

<u>The appellant's remaining arguments are unavailing.</u>

¶33     On review, the appellant argues that the administrative judge erred by suspending case processing several times and otherwise causing or allowing delays in resolving his appeals. 0195 PFR File, Tab 1 at 4. However, he has failed to identify any basis for us to determine that the delays were harmful, and we found none. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (considering an appellant's allegations of improper delays and explaining that, if an administrative judge commits a procedural error, it is of no legal consequence unless it is shown to have adversely affected a party's substantive rights). The appellant also argues that the agency violated its own procedures regarding AIB proceedings and therefore committed a harmful procedural error. 0195 PFR File, Tab 1 at 4-5 (citing 5 U.S.C. § 7701(c)(2)). According to the appellant, the Director failed to meet a notice requirement, failed to meet a deadline for completing the AIB, and then reopened the otherwise stalled AIB shortly after he received a letter from the Equal Employment Opportunity Commission regarding complaints of harassment. *Id*. However, the Board does not have jurisdiction to hear a harmful procedural error claim in the context of the IRA appeals before us. *Salerno*, 123 M.S.P.R. 230, ¶ 15. To the extent that the argument could be construed as implicating issues that are properly before us, it remains unavailing. The appellant has failed to identify any evidentiary support for the AIB irregularities he alleges.

**NOTICE OF APPEAL RIGHTS**[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.